IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| RICHARD LORETO, and LARRY BUFFA, on behalf of themselves and all others similarly situated, | : | CASE NO. 1:09-cv-00815 |
| | : | (Judge Timothy S. Black) |
| Plaintiffs, | : | |
| | : | **STIPULATED PROTECTIVE** |
| v. | : | **ORDER AND CONFIDENTIALITY** |
| | : | **AGREEMENT** |
| THE PROCTER & GAMBLE COMPANY, | : | |
| Defendant. | | |

WHEREAS, Plaintiffs Richard Loreto and Larry Buffa ("Plaintiffs") and Defendant The

Procter & Gamble Company ("Defendant") (collectively "Parties") believe that certain

information may be sought through discovery requests or otherwise in the above-entitled action

that will involve the production, use, and disclosure of confidential information, business

proprietary information or trade secret or commercially sensitive information that would

prejudice competitive positions in the marketplace and also implicate privacy interests and laws;

and

WHEREAS, the Parties have stipulated to entry of this Stipulated Protective Order and

Confidentiality Agreement ("Protective Order") pursuant to Federal Rule of Civil Procedure

Rule 26(c) to prevent the inappropriate use and disclosure of such information.

IT IS HEREBY ORDERED as follows:

1.     This Protective Order governs the pre-trial use and handling of documents,

electronic information, testimony, written discovery, and other information, including all copies,

excerpts, summaries and compilations thereof ("Discovery Materials") produced or given by any

Party to this case, captioned as *Loreto, et al. v. The Procter & Gamble Company*, Case No. 1:09-cv-00815 ("Action"), or any other person or entity ("Producing Party") in this Action.

## DESIGNATION OF DISCOVERY MATERIALS SUBJECT TO PROTECTIVE ORDER

2. A Producing Party may designate Discovery Materials produced, used or disclosed in connection with the Action as "CONFIDENTIAL." The Producing Party may designate as "CONFIDENTIAL" Discovery Materials that, directly or indirectly, reveal commercially sensitive, business proprietary, confidential, competitive, or other information for which there is a good faith basis for protection from disclosure, subject to the terms and conditions of this Protective Order. Absent a specific order by this Court, such Discovery Materials, once designated as "CONFIDENTIAL" shall be used by the Parties to the Action solely in connection with this Action, and not for any business, competitive, governmental, cause-oriented, advocacy, personal, public or any other purpose or function, and such information shall not be disclosed to or used by anyone except as provided in this Protective Order. The designation of any Discovery Materials as "CONFIDENTIAL" pursuant to this Protective Order shall constitute the verification of the Producing Party and its counsel that they reasonably and in good faith believe that the Discovery Materials contain "CONFIDENTIAL" information.

3. "CONFIDENTIAL" Definition: Discovery Materials designated "CONFIDENTIAL" refers to information that a Producing Party believes in good faith constitutes, contains or refers to information that is not available to or accessible by the general public, or to any third party, including competitors, other than those third parties who have the information as a result of a direct business relationship with Defendant, or that is to be kept confidential due to preexisting obligations.

2

4. Public Domain or Material Acquired Legitimately From Other Sources: Nothing herein shall be construed to prevent any Party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of this Protective Order. Nothing herein shall be construed to prevent a Party from using or continuing to use any documents or information known to it or used by it prior to the filing of this Action or that has come or shall come into a Party's possession independently of disclosure and/or discovery in this Action.

5. Designation of Documents as "CONFIDENTIAL": In the case of documents or other tangible materials, a designation of "CONFIDENTIAL" shall be made by marking or stamping the data or each page or individual item with the appropriate designation in a manner that will not interfere with its legibility. Designations of documents or other tangible materials as "CONFIDENTIAL" should not be over-inclusive such that an entire document is designated as "CONFIDENTIAL" when only portions are appropriately so designated.

6. Designation of Deposition Testimony or Exhibits as "CONFIDENTIAL": In the case of depositions, testimony may be designated as "CONFIDENTIAL" orally on the record during the deposition or in writing after receipt of the certified transcript by the Parties, in accordance with the procedures set forth below.

a. Subject to the good faith belief requirements described above, deposition testimony, along with associated exhibits, may be designated as "CONFIDENTIAL" orally and on the record during the deposition. This will serve to provisionally designate the entirety of the testimony ("Provisional Designation"). Provisional Designations of testimony and exhibits that do not already bear a "CONFIDENTIAL" production stamp shall remain in effect for thirty (30) days from receipt of the certified transcript of the

3

deposition. In order to maintain any designation, on or before the expiration of those thirty (30) days, the Producing Party (or Party defending the deposition) shall by written notice to all Parties, designate exhibits by their exhibit numbers and portions of transcripts of depositions or other testimony by reference to the page being designated "CONFIDENTIAL" ("Final Designation"). If no action is taken to narrow a Provisional Designation or affirmatively assert that the Provisional Designation should become the Final Designation before the expiration of those thirty (30) days, any designated testimony and exhibits will not be treated as "CONFIDENTIAL" under the terms of this Order. No Party shall unreasonably reject a Producing Party's request made in good faith for additional time to make Final Designations. Designations of deposition exhibits and/or testimony as "CONFIDENTIAL" should not be over-inclusive such that entire transcripts and their exhibits are designated as "CONFIDENTIAL" when only portions are appropriately so designated.

      b.     In addition to any portions of a deposition designated as "CONFIDENTIAL" on the record of the deposition, a party shall have thirty (30) days after receiving a copy of the certified deposition transcript in which to designate all or specific portions of the transcript in writing as "CONFIDENTIAL." If within the thirty (30) days no party designates in writing or has designated orally on the record certain portions of the transcript (subject to the provisions set forth in the paragraph above) as "CONFIDENTIAL," the Parties shall be permitted to use such portions of the transcript, and the information contained therein, with no restrictions of confidentiality.

      c.     Any transcript containing Discovery Material designated as "CONFIDENTIAL," including exhibits, shall be marked on its cover as "CONTAINS

4

CONFIDENTIAL INFORMATION," and the portions of the transcript or exhibits reflecting such information shall be stamped "CONFIDENTIAL," and access thereto shall be limited pursuant to the terms of this Protective Order.

7.     Designation of Expert Reports as "CONFIDENTIAL":  In the case of expert reports, if any Discovery Material designated "CONFIDENTIAL" pursuant to this Protective Order is specifically identified in, paraphrased, or attached to an expert's report, the report shall be marked on its cover as "CONTAINS CONFIDENTIAL INFORMATION."

8.     Failure to Designate Discovery Materials as "CONFIDENTIAL":  The failure of a Party to designate Discovery Materials as "CONFIDENTIAL" shall not be deemed a waiver of a claim of confidentiality.  The correction to the designation shall be made promptly, and in writing and accompanied by the properly marked substitute copies.  Within ten (10) days of receiving the substitute copies and an accompanying written request from the Designating Party, the Party receiving them ("Receiving Party") shall return or destroy (and so certify in writing to the Designating Party) the previously unmarked or mismarked Discovery Materials (and all copies distributed to any person, including those authorized to have access under the new designation) and shall make a good faith effort to retrieve such Discovery Materials (and return or destroy such Discovery Materials) if they were disclosed to persons not permitted by this Protective Order under the corrected designation. The Parties understand that a Party's failure to designate information or documents as "CONFIDENTIAL" relieves the other Party of any responsibility or obligation of confidentiality until the designation is actually made.  Regardless of whether or when replacement copies are provided, however, all Parties shall treat the Discovery Materials as "CONFIDENTIAL" upon receipt of the written notification provided pursuant to this Paragraph.

5

9.      Nothing in this Protective Order shall preclude the disclosure or use of Discovery Materials designated as "CONFIDENTIAL" if:

     a.      The Producing Party agrees, or the Court rules, that such information is in the public domain at the time of disclosure; or

     b.      The Producing Party agrees, or the Court rules, that such information becomes part of the public domain through no fault of the Receiving Party, its counsel, or any independent expert retained on behalf of the Receiving Party or any person to whom disclosure is permitted pursuant to Paragraph 10 of this Protective Order; or

     c.      The Producing Party agrees, or the Court rules, that such information was in the rightful and lawful possession of the Receiving Party at the time of disclosure on a non-confidential basis from a source other than the Producing Party, provided that such source is not bound by a confidentiality agreement with the Producing Party; or

     d.      The information is lawfully received by the Receiving Party at a later date from a Party without restriction as to disclosure, provided such Party has the right to make the disclosure to the Receiving Party.

## PERSONS ENTITLED TO RECEIVE OR USE DISCOVERY MATERIALS SUBJECT TO PROTECTIVE ORDER

10.      "CONFIDENTIAL" Qualified Persons:  Any Discovery Materials designated as "CONFIDENTIAL" shall be used by the Receiving Party solely for the purpose of preparation or trial of this Action and for no other purpose whatsoever, and shall not be disclosed to or used by any person other than:

     a.      Plaintiffs, to the extent necessary in assisting in the preparation or trial of this Action;

6

b.     Outside counsel of record for the Parties, in-house counsel for the Parties, and employees of such counsel who are assisting in the preparation or trial of this Action, including partners, associates, paralegals, secretaries, clerks, and other clerical employees;

c.     The Court, including court personnel (e.g., secretaries, staff, stenographers and all other persons retained to assist the Court in its duties) and any court exercising appellate jurisdiction over this Action, and stenographers and court reporters transcribing testimony or argument at trial or a deposition;

d.     Independent experts or consultants who are not employed by the Parties, but who are retained by any of the parties to assist in the preparation or trial of this Action;

e.     Special masters, mediators or settlement facilitators engaged by the Parties or appointed by the Court to provide services related to settlement discussions regarding this Action, and to whom it is necessary that the information be disclosed;

f.     Document contractors, electronic discovery contractors, exhibit contractors, litigation support services, graphic art contractors or jury consultants who are engaged by outside counsel to assist in the preparation or trial of this Action;

g.     Actual or potential fact witnesses or deposition witnesses who are current employees of Defendant, or who are former employees that created, authored or received (outside of the context of this Action) the Discovery Material or were employed by Defendant at the time the Discovery Material was created;

h.     Officers, directors or employees of Defendant who are assisting in the defense of this Action;

7

      i.      Persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that such disclosure or access is reasonably necessary to the prosecution or defense of this Action, and provided that information designated "CONFIDENTIAL" may be disclosed to such persons only in the preparation for, review of, or in the course of his or her testimony, and that such person shall not retain such information designated "CONFIDENTIAL" after his or her testimony is concluded; and

      j.      Such other persons as the counsel of record for the Producing Party shall consent to in writing before the proposed disclosure. The Parties shall identify in writing the documents or information for which consent is given.

11.     Executing the Acknowledgment:  Before any person listed above in Paragraph 10(d)-(j) is given access to "CONFIDENTIAL" information that person must read and agree in writing, by signing the acknowledgement form in Exhibit 1 attached hereto, to be bound by the provisions of the Protective Order.

12.     For such time as any Discovery Materials designated as "CONFIDENTIAL" are disclosed in a deposition, either Party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Protective Order.

13.     Nothing in this Protective Order prevents a Producing Party's own employees or representatives from viewing or being shown Discovery Materials designated by that Producing Party as "CONFIDENTIAL." In these circumstances, such persons do not need to execute an acknowledgement.

14.     Parties who make "CONFIDENTIAL" Discovery Materials available to persons set forth in Paragraph 10 above shall be responsible for limiting distribution thereof to those

persons authorized under this Protective Order, and such parties shall be prepared to account for the disposition and use of these materials by those persons. All copies or duplications of, and information derived from (including but not limited to notes, summaries or memoranda) Discovery Materials designated as "CONFIDENTIAL" shall be subject to the same restrictions imposed herein on original Discovery Materials.

## TREATMENT OF DISCOVERY MATERIALS SUBJECT TO PROTECTIVE ORDER

15.     All persons who receive or have knowledge of Discovery Materials designated as "CONFIDENTIAL" shall exercise reasonable and appropriate care with respect to the storage, custody, and use of such information to ensure that the confidentiality of such information is maintained and secured.

16.     Treatment During Hearings and Trial: This Protective Order does not control the disclosure or use of any evidence during the trial or any hearing in open court of this Action. In the event that the case proceeds to trial or any evidentiary hearing, all Discovery Materials designated as "CONFIDENTIAL" shall become public unless a motion is filed in advance of the trial or hearing and the moving Party demonstrates sufficient cause to maintain the confidentiality of specific documents or information. Counsel for the Parties agree to confer in good faith about procedures for handling Discovery Materials designated "CONFIDENTIAL" during trial or any hearing in open court of this Action, including the possibility of an additional Order. All "CONFIDENTIAL" information not introduced as evidence at trial or a hearing shall be governed pursuant to the terms of this Order.

17.     Filing Under Seal: Any Discovery Materials designated as "CONFIDENTIAL," including any document or portion of a document referring in any way to such confidential Discovery Materials, may be filed under seal in accordance with S.D. Ohio Local Rule 79.3.

9

Any document filed under seal with the Court shall be filed in a separate, sealed envelope on which shall be endorsed the title of the action, the case number, the nature of the contents of the envelope, the word, "CONFIDENTIAL," and the following (or similar) statement: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER (Dkt. No. ___), dated _____."

18.     Disclosures to Non-Qualified Persons:  If Discovery Materials designated as "CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for the disclosure must as soon as practicable bring all pertinent facts relating to such disclosure to the attention of counsel of record for all interested parties and, without prejudice to other rights and remedies of the Producing Party or Designating Party, shall make all reasonable efforts to prevent further disclosure by it or by the person receiving such information, including the return of the Discovery Materials (and all copies).

19.     Notwithstanding the terms of this Protective Order, this Protective Order does not affect the rights of a Party that produced Discovery Materials designated as "CONFIDENTIAL" to use or disclose its own such documents or testimony.

## RESPONSES TO SUBPOENAS OR OTHER PROCESS

20.     In the event that any Party to the Protective Order is served with a subpoena or other notice compelling the production of Discovery Materials produced by another Party, the Party receiving the request shall not, to the extent permitted by applicable law, provide or otherwise disclose such document or information until ten (10) days after notifying counsel for the original Producing Party in writing of all of the following:  (1) the information and documentation that is requested for production in the subpoena; (2) the date, time and place designated for compliance with the subpoena; (3) the identity of the party serving the subpoena; and (4) the case name and number, jurisdiction, or other information identifying the litigation or

other proceeding in which the subpoena has been issued. Upon receiving such notice, the original Producing Party shall bear the burden of opposing, if it deems appropriate, the subpoena on grounds of confidentiality.

21.     In the event that any Party to the Protective Order issues a subpoena to a third party and that third party's response in compliance with the subpoena may require the production of Discovery Materials that contain "CONFIDENTIAL" information, the Parties agree that the terms of this Protective Order will apply to the production of any "CONFIDENTIAL" Discovery Materials, as designated by the third party. If any Party to the Protective Order serves a subpoena on a non-party to this Action, a copy of this Protective Order shall be included with the subpoena.

**CHALLENGING DESIGNATIONS**

22.     Any Party may challenge or dispute the designation of Discovery Material as "CONFIDENTIAL" by providing written notice to counsel for the Producing Party that it objects to the designation. The notice shall specifically identify the Discovery Material in dispute and the specific reasons for the challenge to the designation. The Parties shall meet and confer in good faith in an attempt to resolve the dispute. If the Parties are unable to resolve the dispute, the Requesting Party may make a motion to the Court for an order covering the designated information. The information which is the subject of such dispute shall continue to be treated as previously designated and subject to this Protective Order pending the outcome of such motion. The burden of establishing the propriety of the designation of the Discovery Materials shall be consistent with applicable federal or state law.

11

## DISCLOSURE OF PRIVILEGED OR PROTECTED MATERIALS

23.     Pursuant to Fed. R. Evid. 502(d), any Party's production of Discovery Materials covered by an applicable privilege or protection shall not constitute a waiver of the privilege or protection with respect to those Discovery Materials or the subject matter of those Discovery Materials in this or any other proceeding.  This paragraph shall be interpreted to provide the greatest protection allowed by Federal Rule of Evidence 502, or otherwise permitted by law.

24.     If information subject to a claim of attorney-client privilege, attorney work product, or any other protection or privilege is produced, the Receiving Party shall, within five (5) days of receipt of written notice from the Producing Party, return the Discovery Materials and destroy all copies, and the Receiving Party must not use the disclosed Discovery Materials (or information in them) for any purpose whatsoever.

25.     If portions of documents are redacted for privilege, the Producing Party shall mark every page or significant component that contains privileged or redacted information with the "PRIVILEGED" and/or "REDACTED" stamp.  Redactions must be logged in a privilege log or redaction log and must remove only the part(s) of a document that are claimed to be privileged or protected from disclosure.

## MISCELLANEOUS PROVISIONS

26.     Counsel of record for the Party disclosing Discovery Materials designated as "CONFIDENTIAL" above shall retain copies of the executed acknowledgments (in the form of Exhibit 1, attached).

27.     Unless otherwise permitted, and upon written request by the Producing Party, within sixty (60) days after the conclusion of this Action, including all appeals, the originals and all copies of Discovery Materials designated as "CONFIDENTIAL" that are in the possession,

custody, or control of the Parties, and persons to whom they have disclosed such Discovery Materials (which should be limited to those persons authorized by Paragraph 10) shall be destroyed or returned to counsel for the Producing Party, at the option of the Receiving Party. However, outside counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes only; those materials shall not be disclosed to anyone. Upon request, a Party and its counsel shall separately provide written certification to the Producing Party that the actions required by this Paragraph have been completed.

28. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to a Party with respect to this Action and, in the course thereof, referring to or relying in a general way upon examination of any "CONFIDENTIAL" information. Nonetheless, in rendering such advice and in otherwise communicating with a Party, such counsel shall not disclose the contents of any "CONFIDENTIAL" information contrary to the terms of this Protective Order.

29. The restrictions and obligations within this Protective Order will not be deemed to prohibit discussions of any confidential information with a person if that person has possession of that confidential information per Paragraph 4.

30. If any person violates or threatens to violate the terms of this Protective Order, the aggrieved Party may apply immediately to this Court to obtain injunctive relief against any such violation or threatened violation; and, if the aggrieved Party shall do so, the respondent, subject to this Protective Order, shall not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

31.     This Protective Order shall survive termination of this Action, and the Court retains jurisdiction over disputes regarding compliance with this Protective Order, as well as any person subject to the Protective Order.

32.     The terms of this Protective Order shall apply to all manners and means of discovery, including entry onto land or premises and inspection of books, records, computers, electronic files, documents and tangible things.

33.     Except as the Parties' rights pursuant to Paragraph 22 may apply, the acceptance of any information designated pursuant to this Protective Order constitutes an admission or acknowledgement that the Discovery Material so designated is in fact commercially sensitive, business proprietary, or confidential information.

34.     This Protective Order is being entered without prejudice to the right of any Party for good cause shown to move this Court for modification of or relief from any of its terms, or to seek relief from the Court to declassify information designated "CONFIDENTIAL."

35.     Any person subject to the provisions of this Protective Order agrees to be subject to the restrictions imposed by this Protective Order and to subject his or her person to the jurisdiction of the above-entitled court for the limited purpose of securing compliance with the terms of this Protective Order.

36.     Unless otherwise designated, all references to "days" in this Protective Order shall be construed as calendar days.  If the last day of the period falls on a Saturday, Sunday or legal holiday, the due date is the next business day.

37.     Written notice provided under this Protective Order shall be by way of regular U.S. mail and/or electronic mail to all counsel of record for the Party to whom notice is required to be given.  Written notice shall be considered effective as of the date received by the Receiving

14

Party by electronic mail or on the date on which the Receiving Party's office receives the notice sent by U.S. mail, whichever is earlier.

38.     This Protective Order shall apply to Discovery Materials examined or produced prior to the signing of this Protective Order by the Court.

39.     This Protective Order may be executed in any number of counterparts, all of which, upon complete execution thereof by the Parties, collectively shall be deemed to be the original.

40.     If any Party or counsel for a Party is no longer a Party to or counsel for this Action for any reason, the Party or counsel for the Party continues to be bound by the terms and conditions of this Protective Order.

SO ORDERED THIS __12t__ DAY OF __July__, 2013

_Timothy S. Back_
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED BY:

DATED: June 28, 2013

/s/ Richard S. Wayne
Richard S. Wayne
Joseph J. Braun
STRAUSS TROY CO., LPA
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
Telephone: (513) 621-2120
Facsimile: (513) 629-9426
Email: rswayne@strausstroy.com
Email: jjbraun@strausstroy.com

/s/ Mark A. Vander Laan
Mark A. Vander Laan (0013297)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
Telephone: (513) 977-8238
Facsimile: (513) 977-8505
Email: mark.vanderlaan@dinsmore.com

Joanne Lichtman (*pro hac vice*)
Nicole A. Skolout (*pro hac vice*)
BAKER & HOSTETLER LLP

15

Anthony Vozzolo
Courtney E. Maccarone
FARUQI & FARUQI, LLP
369 Lexington Ave, 10th Floor
New York, NY 10017
Telephone:  (212) 983-9330
Facsimile:  (212) 983-9331
Email: avozzolo@faruqilaw.com

Scott A. Bursor
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Email:  scott@bursor.com

Attorneys for Plaintiffs

555 S. Flower St., Suite 4200
Los Angeles, CA  90071
Telephone:  (310) 820-8800
Facsimile:  (310) 820-8859
Email:  jlichtman@bakerlaw.com
Email:  nskolout@bakerlaw.com

Gilbert S. Keteltas (*pro hac vice*)
William DeVinney (*pro hac vice*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Telephone:  (202) 861-1530
Facsimile:  (202) 861-1783
Email: gketeltas@bakerlaw.com
Email: wdevinney@bakerlaw.com

Attorneys for Defendant
The Procter & Gamble Company

## EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| RICHARD LORETO, and LARRY BUFFA, | : | CASE NO. 1:09-cv-00815 |
| on behalf of themselves and all others | | |
| similarly situated, | : | (Judge Timothy S. Black) |
| | | |
| Plaintiffs, | : | |
| | | **ACKNOWLEDGEMENT AND** |
| v. | : | **AGREEMENT TO BE BOUND BY** |
| | | **TERMS OF PROTECTIVE ORDER** |
| THE PROCTER & GAMBLE COMPANY, | : | **AND CONFIDENTIALITY** |
| | | **AGREEMENT** |
| Defendant. | | |

I, _____, certify that:

I have received and carefully read a copy of the Stipulated Protective Order issued by this

Court in the above-captioned lawsuit ("Action"). I understand and am familiar with the terms

and conditions of the Protective Order. I agree to comply with and to be bound by each of the

terms and conditions of the Protective Order. I agree to hold in confidence, in accordance with

the requirements of the Protective Order, any information or document disclosed to me pursuant

to the Protective Order that is designated "CONFIDENTIAL." I agree that any and all

information or documents disclosed to me will be used solely in connection with this Action, and

not for any business, competitive, governmental, cause-oriented, advocacy, personal or any other

purpose or function. I submit myself to the jurisdiction of the United States District Court for the

Southern District, Western Division (Cincinnati) for the limited purpose of any proceeding

relating to the enforcement of, performance under, compliance with, or violation of the

Protective Order.

Exhibit 1

I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies, other reproductions thereof made by me, for me, or at my direction or any information derived therefrom (such as memoranda or work notes), in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order.  I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me.  I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed.  I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

Dated: _____          Signature: _____

                                Print Name: _____

                                Address: _____

                                _____

Exhibit 1